# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TENNESSEE
# AT WINCHESTER

| | |
|---|---|
| CHAD ANTIONE HUGHES, | ) |
| | ) Case No. 4:18-cv-75 |
| *Plaintiff*, | ) |
| | ) Judge Travis R. McDonough |
| v. | ) |
| | ) Magistrate Judge Christopher H. Steger |
| BEDFORD COUNTY, | ) |
| | ) |
| *Defendant*. | ) |

## MEMORANDUM OPINION

Defendant Bedford County has filed a motion for summary judgment in this *pro se* prisoner's civil rights action for violation of 42 U.S.C. § 1983 (Doc. 29). Plaintiff has failed to file a response to the motion, and the deadline to do so has passed. Upon consideration of the evidence and the applicable law, the Court finds that summary judgment should be **GRANTED** in favor of Defendant, and this action should be **DISMISSED**.

## I. PLAINTIFF'S ALLEGATIONS

Plaintiff alleges that while confined in the Bedford County Jail, he was denied any recreation time in violation of the Eighth Amendment. (Doc. 1, at 4.)[1]

## II. SUMMARY JUDGMENT STANDARD

Summary judgment is proper only when the evidence, viewed in a light most favorable to the nonmoving party, illustrates that no genuine issue of material fact exists and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a), (c); *Celotex Corp. v. Catrett*, 477

---

[1] Additional claims raised by Plaintiff were dismissed after the Court screened the complaint in accordance with the Prison Litigation Reform Act. (*See* Doc. 7.)

U.S. 317, 322–23 (1986). A fact is deemed "material" if resolving that fact in favor of one party "might affect the outcome of the suit under governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). To establish an entitlement to summary judgment, the moving party must demonstrate that the nonmoving party cannot establish an essential element of his case for which he bears the ultimate burden of proof at trial. *Celotex*, 477 U.S. at 322; *Moore v. Philip Morris Cos., Inc.*, 8 F.3d 335, 339 (6th Cir. 1993).

Once the motion is properly supported with competent evidence, the nonmovant must show that summary judgment is inappropriate by setting forth specific facts showing there is a genuine issue for trial. *Celotex*, 477 U.S. at 323; *Anderson*, 477 U.S. at 249. If the "evidence is such that a reasonable jury could return a verdict for the nonmoving party," then there is a genuine dispute as to a material fact. *Anderson*, 477 U.S. at 248. If no proof is presented, however, the Court does not presume that the nonmovant "could or would prove the necessary facts." *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (citing *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 889 (1990)). Instead, the non-moving party must come forward with proof to support each element of his claim.

The plaintiff cannot meet this burden with "some metaphysical doubt as to the material facts," *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.,* 475 U.S. 574, 586 (1986), "conclusory allegations," *Lujan*, 497 U.S. at 888, or by a mere "scintilla" of evidence, *Anderson*, 477 U.S. at 252. It would undermine the purposes of summary judgment if a party could defeat such a motion simply by "replac[ing] conclusory allegations of the complaint or answer with conclusory allegations of an affidavit." *Lujan*, 497 U.S. at 888. In considering a motion for summary judgment, once the court has "determined the relevant set of facts and drawn all inferences in favor of the nonmoving party *to the extent supportable by the record*, . . . [the

ultimate decision becomes]. . . a pure question of law." *Scott v. Harris*, 550 U.S. 372, 381 n.8 (2007) (emphasis in original). "When opposing parties tell two different stories, one of which is blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not adopt that version of the facts for purposes of ruling on the motion for summary judgment." *Id.* at 380.

A district court cannot grant summary judgment in favor of a movant simply because the adverse party has not responded, however. *Stough v. Mayville Cmty. Sch.*, 138 F.3d 612, 614 (6th Cir. 1998). The court is required to, at a minimum, examine the motion to ensure that the movant has met its initial burden. *Id*. In doing so, the court "must not overlook the possibility of evidentiary misstatements presented by the moving party." *Guarino v. Brookfield Twp. Trs.*, 980 F.2d 399, 407 (6th Cir. 1992). The court must "intelligently and carefully review the legitimacy of [] an unresponded-to motion, even as it refrains from actively pursuing advocacy or inventing the *riposte* for a silent party." *Id.* However, in the absence of a response to a motion for summary judgment, the court will not "*sua sponte* comb the record from the partisan perspective of an advocate for the non-moving party." *Id*. at 410. If the court determines that the unrebutted evidence set forth by the moving party supports a conclusion that there is no genuine issue of material fact, the court will determine that the moving party has carried its burden, and "judgment shall be rendered forthwith." *Id*. (alteration omitted).

## III. EVIDENCE

Plaintiff was detained in the Bedford County Jail ("the Jail") from August 31, 2018, to April 8, 2019. (Doc. 29-1, at 7.) During that time, Plaintiff was housed in both block A and block C. (Doc. 29-1, at 14, 20, 21; Doc. 29-2, at ¶ 5]. The A and C blocks of the Jail have a dayroom/recreational area that provides inmates the opportunity and space to perform exercises.

3

(Doc. 29-2, at ¶ 5.) In block A, where Plaintiff was housed for four or five months, Plaintiff was allowed unlimited recreational time outside of his cell to exercise or perform other activities. (Doc. 29-1, at 14, 20; Doc. 29-2, at ¶ 5.) In block C, Plaintiff was on lockdown in his cell but was allowed at least one hour of recreational time outside of his cell per day. (Doc. 29-1, at 14, 20-21, 29, 43; Doc. 29-2, at ¶ 5.) In between his stays in block A and block C, Plaintiff was placed in solitary confinement for approximately thirty days for his own safety and due to his potential threat of escape. (Doc. 29-1, at 9–10.)

When weather conditions are favorable and enough Jail personnel are available, inmates at the Jail are allowed use of an outdoor recreational yard. (Doc. 29-2, at ¶ 7.) However, free-world individuals have thrown contraband items, weapons, and other objects over the security fence in an attempt to allow inmates to receive the items, thus creating a security threat for correctional personnel and inmates. (Doc. 29-2, at ¶ 8.) Therefore, use of the yard has been restricted to minimize incidents and to ensure the security and safety of staff and inmates. (Doc. 29-2, at ¶ 8; Doc. 29-1, at 23.)

Although Plaintiff was able to file grievances during his time in Jail, Plaintiff did not file a grievance regarding his lack of recreational time prior to filing his lawsuit in this matter. (Doc. 29-1, at 30; Doc. 29-2, at ¶4; Doc. 29-2, at 4–11.) Additionally, Plaintiff never sought medical treatment for any physical or mental illness, injury, or condition that he claimed was the result of being denied access to recreation time. (Doc. 29-2, at ¶ 9.) Further, during Plaintiff's incarceration at the Jail, he was never diagnosed with any type of medical condition related to the lack of exercise, either indoor or outdoor. (*Id*. at ¶ 10.)

## IV. DISCUSSION

### A. Exhaustion

Defendant claims it is entitled to summary judgment based on Plaintiff's failure to exhaust his administrative remedies in compliance with the Prison Litigation Reform Act ("PLRA"), which provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). This mandatory exhaustion requirement is one of "proper exhaustion," which requires a plaintiff to complete "the administrative review process in accordance with the applicable procedural rules, including deadlines, as a precondition to bringing suit in federal court." *Woodford v. Ngo*, 548 U.S. 81, 88, 93 (2006).

Although the Jail has a grievance procedure, Plaintiff did not file a grievance regarding his lack of recreational time prior to filing the instant lawsuit. (*See* Doc. 29-1, at 29–30; Doc. 29-2, at ¶ 4]. Because prefiling exhaustion is mandatory, and Plaintiff failed to comply with that requirement, Defendant is entitled to summary judgment based on Plaintiff's failure to exhaust his administrative remedies prior to filing suit.

### B. Merits

Assuming, *arguendo*, that Plaintiff had properly exhausted his remedies under the PLRA prior to filing suit, the Court nonetheless finds that Defendant would be entitled to summary judgment because Plaintiff has failed to demonstrate a constitutional violation.

"[T]he Constitution does not mandate comfortable prisons." *Rhodes v. Chapman*, 452 U.S. 337, 349 (1981). Accordingly, "[n]ot every unpleasant experience a prisoner might endure while incarcerated constitutes cruel and unusual punishment within the meaning of the Eighth

Amendment." *Ivey v. Wilson*, 832 F.2d 950, 954 (6th Cir. 1987). Rather, only conditions of confinement that involve "the wanton and unnecessary infliction of pain," that are "grossly disproportionate to the severity of the crime," or that result in the denial of the "minimal civilized measure of life's necessities" will violate the Eighth Amendment. *Rhodes*, 452 U.S. at 347. Because restrictive or harsh conditions are "part of the penalty that criminal offenders pay for their offenses against society," only those conditions that are cruel and unusual under contemporary standards will violate the Eighth Amendment. *Id*. Therefore, in examining claims alleging that the conditions of the plaintiff's confinement violate the Eighth Amendment, the court must determine whether the risk of which the plaintiff complains is "so grave that it violates contemporary standards of decency to expose *anyone* unwillingly to such a risk. In other words, the prisoner must show that the risk of which he complains is not one that today's society chooses to tolerate." *Helling v. McKinney*, 509 U.S. 25, 36 (1993); *see also Rhodes*, 452 U.S. at 347.

Courts consider a two-pronged framework in analyzing whether a particular condition of confinement constitutes cruel and unusual punishment prohibited by the Eighth Amendment. *See Wilson v. Seiter*, 501 U.S. 294, 298 (1991). First, the plaintiff must plead facts which, if true, establish that a sufficiently serious deprivation has occurred. *Id*.; *see also Farmer v. Brennan*, 511 U.S. 825, 834 (1994). Second, the plaintiff must establish that the prison official acted with a sufficiently culpable state of mind — that of deliberate indifference to a substantial risk that the prisoner would suffer serious harm. *See Wilson*, 501 U.S. at 303; *Farmer*, 511 U.S. at 834.

Additionally, in the Eighth Amendment context, "a violation of a federally secured right is remedial in damages only upon proof that the violation proximately caused injury." *Horn v.*

*Madison Cnty. Fiscal Court*, 22 F.3d 653, 659 (6th Cir. 1994). Further, under the PLRA, a complaint must allow a district court to plausibly infer that the plaintiff suffered a physical injury in order to state a claim for monetary relief. 42 U.S.C. § 1997e(e). The injury need not be significant, but it must be more than *de minimis* for an Eighth Amendment claim to proceed. *See Adams v. Rockafellow*, 66 F. App'x 584, 586 (6th Cir. 2003) (citing *Siglar v. Hightower*, 112 F.3d 191, 193 (5th Cir. 1997)).

### 1. Objective Prong

Although there is no bright line rule regarding the exercise opportunities that must be afforded to inmates, it is well settled that prisoners are entitled to enough exercise to maintain reasonably good physical and mental health. *Walker v. Mintzes*, 771 F.2d 920, 927 (6th Cir. 1985); *Patterson v. Mintzes*, 717 F.2d 284, 289 (6th Cir. 1983). The unrebutted evidence in this case demonstrates that Plaintiff was allowed recreational time at the Jail, which includes time to exercise. The A and C blocks of the Jail have a daytime/recreational area in which inmates are allowed to walk, run in place, do push-ups, sit-ups, and other exercises. (Doc. 29-2, at ¶ 5.) In block A, Plaintiff was allowed unlimited recreational time outside of his cell to exercise or perform other activities. (Doc. 29-2, at ¶ 5; Doc. 29-1, at 14, 20–21.) In block C, while Plaintiff was on lockdown, Plaintiff was allowed at least one hour of recreational time outside of his cell to exercise or perform other activities. (*Id.*) Additionally, depending on weather conditions and the workload of jail employees, the Jail otherwise allows inmates outdoor recreational time. (Doc. 29-2, at ¶ 7.) Therefore, Plaintiff was afforded constitutionally adequate recreational time, and he has not demonstrated an Eighth Amendment violation.

Moreover, Plaintiff has not demonstrated any physical or mental injury as a result of allegedly insufficient recreation time. (Doc. 29-2, at ¶¶ 9–10.) However, even if Plaintiff

7

suffered mental or emotional injuries as a result of the lack of outdoor recreational time, mental or emotional injury alone is insufficient to allow recovery of damages. *See* 42 U.S.C. § 1997e(e).

### 2. Subjective Prong

Additionally, the Court finds that Plaintiff has failed to demonstrate that any limitations on his recreational opportunities were the result of deliberate indifference. Rather, the evidence demonstrates that the recreational limitations were the result of the necessities of prison management, and thus, were reasonably related to legitimate penological interests. That is, the Jail has experienced numerous security and safety issues regarding prisoner outdoor recreational time, and therefore, the use of the yard has been restricted to minimize the risk of contraband and weapons making their way into the hands of the inmates. (Doc. 29-2, at ¶ 8.) Therefore, Plaintiff has not demonstrated that Defendant acted with deliberate indifference in limiting outdoor recreational opportunities for inmates.[2] *Rodgers v. Jabe*, 43 F.3d 1082, 1086–88 (6th Cir. 1995) (finding penological justification for restriction in recreational opportunity is important factor in Eighth Amendment analysis). Accordingly, Defendant is entitled to summary judgment.

## V. CONCLUSION

For the reasons stated above, Defendant's motion for summary judgment (Doc. 29) will be **GRANTED**, and this action will be **DISMISSED WITH PREJUDICE**. The Court hereby

---

[2] When the defendant is a governmental entity, as is the case here, the plaintiff must demonstrate that there is a direct causal link between a municipal policy or custom and the alleged violation of constitutional rights in order to hold the entity liable for any constitutional wrongdoing. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978) (holding that a municipality may be liable under § 1983 for an alleged constitutional deprivation only if there is a direct causal link between a policy or custom of the entity and the alleged constitutional violation).

**CERTIFIES** that any appeal from this order would not be taken in good faith. Thus, should Plaintiff file a notice of appeal, this Court will **DENY** Plaintiff leave to appeal *in forma pauperis*. *See* 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24.

    **AN APPROPRIATE ORDER WILL ENTER**.

    */s/ Travis R. McDonough*
    **TRAVIS R. MCDONOUGH**
    **UNITED STATES DISTRICT JUDGE**